8-3, Matthews v. Department of Veterans Affairs. Mr. Carpenter? Good morning. I just want to confirm, you're saving five minutes for rebuttal, right? That's correct, Your Honor. Okay. You can start whenever you're ready. Thank you very much, Your Honor. Court, please. Kenneth Carpenter, appearing on behalf of German Matthews. Mr. Matthews appeals a decision of the Veterans Court involving a question concerning whether or not there was a timely filing of a substantive appeal. Under 38 U.S.C. 7105, Congress requires that a veteran not only initiate an appeal by the filing of a notice of disagreement, but that he complete that appeal by filing a substantive appeal. In this case, we believe that the Veterans Court was incorrect in its conclusion that the Board of Veterans Appeals had jurisdiction to deal with that question. 7105 specifically reserves questions of timeliness to the Board of Veterans Appeals. It therefore becomes critical to determine whether the VA has interpreted 7105 by regulation. We believe that there are multiple regulations as cited in our brief in which the VA has interpreted 7105 to trigger or implicate the jurisdiction of the Board of Veterans Appeals to hear that question. Specifically in 38 CFR 20.400, the VA has promulgated a regulation which describes an administrative appeal as separate from the original appeal. That process- Those regulations seem to have to do with there's a conflict of opinion within the Veterans Administration. It's not dealing with a claim by the veteran. You know, that seems to me to be a misconstruction of those regulations. Well, Your Honor, there are, as I said, numerous regulations, but specifically 19.33 directs that there will be an administrative appeal when there is a disagreement about either the filing of a, excuse me, the timely filing of a notice of disagreement or the timely filing of a substantive appeal. But in this particular case, we are only dealing with the substantive appeal portion of that, and the substantive appeal portion of that requires a separate decision by the VA in order to implicate the jurisdiction of the Board of Veterans Appeals. The Board of Veterans Appeals only gets jurisdiction under 7104 if there is a decision by the Secretary. There is no decision under 501 by the Secretary concerning the question of the timeliness of the- What about the basic question of whether the appeal was timely? How about that? You contend that the appeal was timely because you didn't get notice. Mr. Matthews' representative did not get notice in accordance with 7105, and in fact, Mr. Matthews did not get notice, but this only deals with the portion of the lack of notice under 7105 to Mr. Matthews' representative. Why? Why does it only deal with the portion of the notice having to do with the notification to his representative? Because that was the only matter that was at issue. Mr. Matthews, through myself, informed the VA that he never got a copy of the statement of the case in our original- Yeah, yeah, yeah, but why isn't the failure to supply a copy of it to Mr. Matthews the key question here? Well, I don't mean to suggest that it is an irrelevant question. It's not a question, frankly, that has been answered by the VA. The VA- They haven't addressed the question. That's correct, and as a consequence, there was no board decision on that issue. So what the Court of Appeals for Veterans Claims said was that notice to the representative was enough, right? No, no, that's not correct. What they said in their decision was, in the panel decision on reconsideration, was that when the VA responded to my request for a copy of the claims file, that when the claims file- No, they said that giving the claims file to the representative was enough. They didn't have to give a copy to Mr. Matthews, but the regulation says you've got to give a copy to Mr. Matthews, right? Yes, that's correct, Your Honor. So they didn't comply, right? That's correct. Right. I'm sorry. Yes, that is correct. And obviously, in hindsight, that portion of the error by the VA should have been asserted, but that seems to me to be precisely why the pertinent VA- That point wasn't raised below? It was not raised below at the CAVC. No, it was not. It was raised below at the agency level. The original demand for a copy of the statement of case informed the VA that Mr. Matthews had not received a copy of the statement of the case. The VA responded by saying, but we sent a copy on this date to the veteran and his representative. Then evidence was developed from the representative to say that the representative had not received a copy. Then the VA ends up issuing a statement of case that, for the first time, deals with the issue of untimeliness, indicating in that issuance of the statement of the case that that statement of case was in response to a notice of disagreement. But no notice of disagreement had been filed because no decision had been made. That was the first time that the VA ever said to Mr. Matthews or his representative that the substantive appeal was not timely. And Mr. Matthews responded with the filing of a substantive appeal to that statement of the case, which is what got it before the Board. Therefore, the question is, was the matter correctly before the Board under 7105? We do not believe that the matter was correctly before the Board under 7105 because the Board of Veterans' Appeals did not have a decision by the VA on that question of timeliness that was then the subject of proper notice to and an opportunity for a hearing by Mr. Matthews to present both the fact that he didn't receive it. It's swimming upstream on that one, Mr. Carpenter, at least as far as I'm concerned. Okay. Mr. Carpenter, how come you didn't raise any of these issues before the CAVC, the timeliness issue? You mean the jurisdictional question? Jurisdictional question. The jurisdictional question was raised because the issue... It was not raised. Excuse me. It was not raised because the initial question presented was whether or not Mr. Matthews had rebutted the presumption of regularity. That was the matter initially presented in the opening brief. And therefore, if the presumption of regularity was not rebutted, then the substantive appeal would have been timely. So why wasn't it raised below? I mean, isn't it too late to raise it now? I do not believe so, Your Honor, because... You raised it on reconsideration to the Court of Veterans Claims. Because Judge Steinberg specifically said that he was relying upon an interpretation of 7105 for the term submit, and that under the term submit that the VA had in fact provided a copy of that to Mr. Matthews by providing him a copy of the claims file to his representative. At that point, there was an interpretation made on the question of who was supposed to get what when under the interpretation relied upon by the VA, excuse me, by the Veterans Court in the single-judge decision. In the motion for reconsideration, we did place at issue the question of the interpretation of the 7105 by the court and the question of the jurisdiction of the board in the first instance. And I'm asking, why wasn't it placed before? Because we believed that we could prevail on the presumption of regularity question. What the board had said in its decision was, is that they were entitled to rely on the presumption of regularity because they had prepared a notice and sent it to both the veteran and his representative. And therefore, under the presumption of regularity, the receipt of the VA-9 in 1998 was untimely. If that presumption was rebutted as at least the panel in reconsideration assumed that error, then in fact there would be no need for further proceedings on the question of 7105 and timeliness because the matter would have to go back to the board because the presumption of regularity was not available to the VA and they would have had to have accepted the substantive appeal. And therefore, there was no need to present it in that fashion until the first decision by Judge Steinberg in a single judge opinion. Once he made that decision, that then imposed a burden on us to describe to the court as to why we believe that the judge misinterpreted the statute and misinterpreted the board's jurisdiction. If I can get to two more points before I get into my rebuttal time, the court below, we believe, exceeded its jurisdiction by making fact-finding in the first instance. They made an initial fact-finding that the VA had made a decision on timeliness. That was not the basis for the board's decision. The board did not make a determination that they had, in fact, made a decision on timeliness. The VA had not made. The board had, in fact, made a decision on timeliness, and we believe that that exceeds the authority of the Veterans Court to make fact-finding in the first instance. And if that was a legitimate question, and we believe it was, then that matter should have been referred back to the board under an order of remand from the court for appropriate relief. I'm into my rebuttal at this point unless there's another question from the panel. Thank you, Mr. Kotler. We'll hear from you on rebuttal. Ms. Kidd-Miller? May it please the Court. All Mr. Matthews really wants this Court to do is say that his substantive appeal was timely filed. Plainly a question of the application of law to fact. Well, put that aside for a moment, okay? Because there's a legal question here, and that is whether the regulation requires that Mr. Matthews himself receive a copy of the decision. All right? Yes, Your Honor. And in my reading of the regulation, it seems to clearly say that both the representative and the veteran have to get a copy. And the record doesn't show whether the veteran got a copy, even if you assume that the January 1998 file included a copy which was sufficient notice to the representative. There seems to be a problem here because the record doesn't show that the veteran himself got a copy. What's the response to that? Your Honor, when the board considered this specific question, it made an explicit finding of fact that Mr. Matthews had received the statement of the case after it was initially issued in 1996. I would direct your attention to Joint Appendix page 67. And the board's fourth finding of fact was... Hold on a second. 67? Yes, Your Honor. A statement of the case was furnished to the veteran at his latest address of record on August 27, 1996. A copy of it was furnished to the veteran's representative on that same date. It was not returned as undeliverable. Oh, I see. So the only controversy was related to the supplying of the copy to the veteran's representative. Yes, Your Honor. Because that had been returned as undeliverable. The copy to the representative had not been returned as undeliverable. Well, whether it was or not, that was the finding. In other words, the issue before the Court of Appeals for Veterans Claims was not whether Mr. Matthews himself had gotten a copy of it. The issue was whether the representative had gotten a copy of it. Yes, Your Honor. So that's why the board doesn't discuss whether Mr. Matthews himself... I mean, whether the Court of Appeals doesn't discuss the question of whether Matthews got it. Yes, Your Honor. Thank you. That's exactly right. Your Honor pointed out that the one purely legal question before this Court, a question of interpretation of the statute, is whether there was any procedural deficiency on the part of the VA by its failure to institute the administrative appeals process. That process plainly does not apply in this case, and it has no effect on the question whether this Court should uphold the Veterans Court's finding. Mr. Matthews points specifically to 38 CFR 19.33. But that regulation clearly says that if there's a dispute within the agency of original jurisdiction, then the agency must pursue the administrative appeals process. Here... What does that mean, Ms. Kidman? I mean, what are we talking about here? If two people disagree, who would be the people disagreeing within the agency that would bring this regulation into play? Different agency officials. Another part of the regulations describes which persons are authorized, which agency officials are authorized to bring these kinds of disputes, and it would be some sort of dispute amongst those agency officials. But regardless of exactly which people at the VA this is talking about, it plainly does not apply to a disagreement between the claimant and the agency. That's specifically the type of thing that the Board exists to help resolve. Did you say exists here? The claimant and the representative. Let me ask you, one of the other regulations that's cited is 38 CFR 19.32. It didn't come up in oral argument, but I think Mr. Carpenter does mention it in his brief. What I was a little bit confused about, maybe I'm just missing something, it says the agency of original jurisdiction may close the appeal without notice to an appellant or his or her representative for failure to respond to a statement of the case within the period allowed. So that's clear. But that says, however, if a substantive appeal is subsequently received in the one-year appeal period, the appeal will be considered to be reactivated. I just don't understand what we're talking about here because he hasn't filed in time, but then if appeal is received, it will be reactivated. It seemed on its face not to make sense to me. Maybe I'm just missing something in terms of the way the system operates. What does that mean? I think I'll attempt to answer your question in this way. If you look forward to regulations to 19.34, that describes the exact situation that occurred in this case. Whether a substantive appeal has been filed on time is an appealable issue. It explains that if the claimant protests an adverse determination made by the agency with respect to the timely filing of a substantive appeal, then the agency should go ahead and furnish a statement of the case. So by 19.32, and there's a similar provision in the statutes at 7105D3, that says once the 60 days to file your substantive appeal have passed, the decision becomes final. The agency doesn't have to issue any kind of formal decision that the 60 days have passed at that point. However, this does appear to read that there may be a case in which there could be an extension. I'm afraid I don't know the precise meaning of that sentence. I just couldn't understand what it was getting to there. That second sentence, and the substantive appeal here was not filed within that time period described in that second sentence. All right. As previously stated, this case squarely falls within regulation 19.34, and the agency did exactly what that regulation requires it to do in this kind of situation, where there's a complicated procedural disagreement between the claimant and the VA. It directs the VA to go ahead and issue a statement of the case on that timeliness question, so that the claimant may then receive some additional review of that decision. This also comports with the Veterans Court's decision that this timeliness issue falls squarely within the board's jurisdiction. It's the type of dispute that the board exists to help settle. Can the agency cure the untimely submission of the record, the SOC, to the veteran? There's nothing in the regulations that suggests there's a formal curing process. In this case, the Veterans Court was just giving Mr. Matthews the benefit of the doubt and saying let's assume your representative did not, in fact, receive this letter back in the statement of the case back in 1996. When you received it with the copy of the entire file, we'll give you the benefit of the doubt and say you had another 60 days. But I'm not aware of any specific regulation that would restart the clock when a duplicate statement of the case is filed. So the veteran's at a loss at that point, then, if he never receives it or she never receives it. No. Once the 60 days passes and a decision becomes final, there are limited exceptions to the rule of finality, and a veteran could argue that one of those exceptions applied, or prior to the 60 days running out, perhaps ask for an extension. But there are certain rules which apply in that situation that didn't happen. So to revive the particular time period, the agency can do it by sending another notice out. They can cure it by sending another notice out on their own. As I understand your question, you're asking whether the sending of a second statement of the case would, in effect, restart the clock? Yes. That's exactly the issue. Not by regulation. But in this case, the Veterans Court, as I said, was giving Mr. Matthews the benefit of the doubt and saying let's assume that everything that's been alleged really happened that way. We still find that you were not timely. So do you have to go up to the Veterans Court in order to get that cure? Or it can be done at a lower level within the agency? It could certainly be requested at the agency level by the claimant or his representative. And as a matter of agency discretion, I presume the agency could make a decision. Construct a time period running again on its own. Yes, Your Honor. How big was this file that was sent to Mr. Carpenter in January of 1998? The total file was approximately three inches thick. It did have some front and back pages. It was in chronological order. And Mr. Matthews has raised the argument that it's unrealistic to expect that he could have found the statement of the case in this file. But he had a general idea of the time period during which the statement of the case had been issued. It could have focused down on that part of the file after sending numerous letters saying that he needed that particular document. In addition, Mr. Matthews does not argue that he looked through the file but couldn't find the statement of the case. Rather, he argues that he shouldn't have to look through the file. But again, this was a duplicate sending of the statement of the case. And then it was sent again a third time in January of 1998. Mr. Matthews' remaining arguments focus on issues that are not properly within this Court's jurisdiction. His first argument of this type relates to the Veterans Court's fact-finding, what he alleges was impermissible fact-finding in the first instance. This argument focuses on his assertion that the Veterans Court was the first to make any decision on the timeliness issue. But the regional office itself first sent a letter in May 1997 informing Mr. Matthews that his appeal was not timely, and then again issued a statement of the case on the issue in June of 2006. So that is plainly erroneous assertion, factually. And in addition, we have 7105d3 that says the agency isn't even required to issue a formal decision once the 60 days have passed and the decision becomes final. Finally, turning to Mr. Matthews' argument about the interpretation of the word submitted, there is no interpretation of that word at issue here. The Veterans Court did not interpret that word. Rather, it specifically refused to interpret the term submit and applied its own procedural rules in doing so. It's Rule 30b. It said that this issue, which was first raised in a letter sent to the panel that would hear the motion on reconsideration, was not being considered because the letter of supplemental authority did not refer to a previously made point. They're applying its own procedural rule. Even so, at its core, this submitted argument, again, focuses on an application of law to fact. Mr. Matthews' fact-bound argument for his interpretation says he had to receive the statement of the case and that the word submit should be interpreted as receive. What's the legal argument? I don't understand what it has to do with the application of law to fact. It's a legal question. He's saying that giving the file to them doesn't count. That's a statutory construction or a regulatory construction question. I mean, he may be right, he may be wrong, but it's not an issue that's beyond our jurisdiction. Well, in this case, Mr. Matthews does not dispute that he received it. He had the statement of the case in his physical possession. His argument is one that's more fact-bound related to the file. No, he's saying that doesn't comply with the regulations. That's a legal question, isn't it? Whether the... If I understand your question, the question we're speaking of would be whether sending the statement of the case in the file. As part of a file is compliance with the regulation. It's not a factual dispute. It's just a question of whether you interpret the regulation to require that it be submitted to him individually  Well, the regulation itself speaks in terms of mailing. And really, when the statement of the case was sent back in 1996, that's the initial mailing and receipt that's really at issue. So we're, first of all, talking about this duplicate, this duplicate of the statement of the case. But that does require an investigation of somewhat of the facts of this case. There's no dispute about the facts, is there? In regards to the sending of the file? Yeah. No, the file was sent. The second duplicate was in there. Nobody's arguing about whether the file was sent or wasn't sent. The question is, is sending the file compliance with the regulation? It's a legal issue. Yes, Your Honor. Although the, well, I see that my time has expired. No, you can finish responding to that question, Ms. Kimball. Thank you. The most relevant sending of the statement of the case here happened back in 1996. So, as previously discussed, this sending was more a courtesy copy. It's not even the sending of the statement of the case that was contemplated by the regulation. Thank you, Your Honor. Thank you, Ms. Kidman. Mr. Carpenter, you have your rebuttal. Your Honor, the government says that 38 CFR 19.34 is the regulation that controls. We don't disagree. That regulation specifically says whether a substantive appeal has been filed on time is an appealable issue. But you can't appeal something that hasn't been decided. And the VA cannot use a statement of the case to issue a decision in the first instance. A statement of the case is a statutory creation under 7105 that is in response to a notice of disagreement. There was no notice of disagreement to any VA decision that was made here. The Veterans Court attempted in its decision to convert the SOC into a decision and the VA-9 into an NOD, but there's still no SOC. 19.33 says that the procedures as to questions of timeliness are to be handled in the form of an administrative appeal. Procedures must be followed. And those administrative procedures require notice that there's an adverse decision. The only notice that there was an adverse decision on timeliness occurred in the statement of the case that's in the record at Joint Appendix 81. But the VA's regulation requires not only notice, but an opportunity for a hearing. And an opportunity at that hearing in this case for Mr. Matthews to put on evidence about his non-receipt and for Mr. Link to put on evidence about his non-receipt. And then the opportunity, at least in the language of the regulation, to elect whether to appeal. Presumably, after you go through that process, the Veteran may decide that, well, there's nothing for me to appeal here. I am untimely. But there is a specific regulatory procedure provided. And when the court legitimately questions when was Mr. Matthews afforded that opportunity, he simply was never afforded that opportunity. Because he never filed an NOD? No, sir. He filed an NOD with the VA's decision denying reopening. That's the only notice of disagreement that Mr. Matthews filed. Mr. Matthews didn't file another NOD after that fact because he finally got what he had been asking for, a copy of the statement of case delivered to his then-representative, who within 60 days filed a substantive appeal of receipt of that. Then the VA goes from the time of the filing of that document, which is at JA 95 on March... But you got a copy of it in January 1998 as part of this file, right? Got a complete copy at that point. But that was not a copy sent to the representative pursuant to 7105. That was a copy sent as part of a release of the entire claims file. Weren't you representing Mr. Matthews at that point? At that point, I... So you received the entire file at that point? That's correct. But the question then under 7105 is whether or not you can comply with the terms of 7105 to submit a statement of case by putting it in a full copy of the claims file. You're saying it can never be cured that way? That's correct. And that the only way to cure it is to do what they did in January of 1998, which was to send a copy directly to me as the new representative, which then started the 60-day clock again. And within that 60 days, a timely substantive appeal was filed. Was there ever a suggestion below that you didn't read the file in January of 1998? No, that was a construct of the panel in the motion for reconsideration. So you never claimed that you didn't read it? It was never questioned as to whether I read it or was there any indication from the VA that they found that it was untimely because I had received it? The answer is that you did not argue that you hadn't read it in time. No, no, I did not. But the statement of case that the VA relies upon to start this whole administrative process to trigger the board's decision is dated June 5, 2000. That is more than two years after the substantive appeal that was filed. And there is correspondence in the record that repeated demands were made by Mr. Matthews to get the VA to either send the file back up or give us a written decision as to why the substantive appeal was not timely. They didn't do that. They gave us instead a statement of the case. The statement of case is not a decisional document. We then filed a VA-9, and then the board made the decision. The board can't get jurisdiction through the back door. Thank you, Mr. Carpenter. The case is submitted. That concludes this morning's hearings.